## WM. H. PELTON *v.* CITY OF HOPKINSVILLE.

### Damages—Contractor—City Not Liable.

Where an improvement is being constructed in the city by an independent contractor, the city is not necessarily bound to answer for the carelessness or negligence of such contractor.

### Liability of City.

If the work of constructing a city improvement is of such a character as to be likely to result in injury to persons or property even when skilfully performed, for any injury resulting from the dangerous character of the work and not directly from the negligence of the contractor the city may be liable.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

January 29, 1876.

OPINION BY JUDGE LINDSAY:

The contractor, Dozee, was an independent contractor. The fact that Molls was to superintend the work, with power "to reject any work and material in his opinion deemed imperfect and not agreeing with the plans and specifications" of the contract is not inconsistent with this conclusion. *Robinson & Pettit v. Speed, et al.,* Mss. Opinion, 1875.

The court should have instructed the jury upon this assumption, and not left it an open question as was done by instruction No. 3.

The city is not necessarily bound to answer for the carelessness or negligence of the contractor. If the work or any portion of it was of such a character as to be likely to result in injury to person or property even when skilfully performed, then it was intrinsically dangerous, and for any injury resulting from the dangerous character of the work, and not directly from the negligence or carelessness of the contractor, it may be held to answer.

But unless the work was of the dangerous character indicated, as the contractor was an independent one, the duty of the city to guard against his negligence in the obstruction of the streets, sidewalks and crossings, was of the same nature with its duty to look after and guard against the negligence of any other person. It is liable for injuries caused by its neglect or omission to keep the streets, sidewalks and crossing free from obstructions placed in them by the contractor or his servants; but as this liability must be based upon negligence, the appellant cannot recover unless the work was intrinsically dangerous, or unless the corporation had notice of the obstruction, or the circumstances were such that it, by using the exercise of reasonable diligence, could have had such notice, and then negligently failed to remove it.

The first and second instructions asked for appellant were properly refused. In each of them it was assumed that Dozee was the servant of the city, instead of an independent contractor. The concluding portion of instruction No. 3, given by the courts, was misleading, and prejudicial to appellant.

The jury should have been told that notwithstanding the liability of the contractor, in the state of case set out, still, if the crossing was obstructed, and the city had notice thereof, or could by the exercise of reasonable diligence in the discharge of its municipal duties have had such notice, and yet negligently failed or omitted to remove the obstruction, it was liable to answer for the injury.

Instruction No. 3 asked by appellant should have been given instead of the instruction No. 5, which the court did give. *Louisville, Cincinnati & Lexington R. Co. v. Case's Admr.,* 9 Bush 728.

For the single error pointed out above the judgment is *reversed* and the cause remanded for a new trial upon principles consistent with this opinion.

*Sanders & Clark, for appellant.*

*H. A. Phelps & Son, E. P. Campbell, Harry Ferguson, for appellee.*